# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY SMITH and LINDA SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-06-0253-F |
| ) | |
| BAR-S FOODS CO. and ) | |
| RICHARD LANEY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

"Plaintiffs' Motion to Remand, or in the Alternative, Motion to Stay," filed April 7, 2006 (doc. no. 8), is before the court. Defendants have responded, and the motion is ready for determination.

### Background[1]

Defendants removed this action to this court from the state District Court of Jackson County, Oklahoma. Their notice of removal argues that the citizenship of defendant Richard Laney may be ignored for purposes of diversity jurisdiction because Mr. Laney was fraudulently joined. Plaintiffs have moved to remand.

This case arises from serious injuries which plaintiffs Billy and Linda Smith maintain Mr. Smith suffered when he fell thirty feet from a scaffolding while he and defendant Richard Laney were painting on defendant Bar-S's property. The Smiths maintain that at the time of the fall, Mr. Smith was working for Mr. Laney and that

---

[1] The statements contained in this portion of the Order are not intended as final, formal fact-findings. They are provided for context, and are based on facts construed in the light most favorable to the plaintiffs, as required in preliminarily determinations of fact questions which bear on the issue of fraudulent joinder. *See,* 16 Moore's Federal Practice, § 107.14[2][C] at n. 52. No findings stated in this Order are intended to bind the state court.

Mr. Laney had been hired by defendant Bar-S Foods to paint on premises owned by Bar-S. As a result of the fall, Mr. Smith filed a workers' compensation claim on March 23, 2005, naming Richard Laney and Bar-S as employers on workers' compensation form 3. The Smiths state that after their counsel was informed that Bar-S denied that the Oklahoma workers' compensation court had subject matter jurisdiction, the Smiths filed this lawsuit against Mr. Laney and Bar-S in the District Court of Jackson County on March 29, 2005.

In April of 2005, while this case was pending in Jackson County, defendants Bar-S and Mr. Laney filed special appearances and motions to dismiss, arguing that the workers' compensation court had exclusive jurisdiction over the Smiths' claims. The Smiths state that those motions were stricken by agreement from the state court's docket to be reset at a later date, per an agreement between counsel to hold the state court case and motions in abeyance pending receipt of final orders from the workers' compensation court. The motions to dismiss still show as pending on the state court's docket and now on this court's docket.

On January 6, 2006, the workers' compensation court ruled that Richard Laney and Business Staffing, a temporary staffing agency which provided Mr. Smith to Laney for employment, were Mr. Smith's employers at the time of the accident and that Bar-S was Mr. Smith's principal employer. Mr. Laney did not appeal the ruling that he was an employer of Mr. Smith at the time of the accident. Bar-S and Business Staffing did appeal to the workers' compensation court *en banc*. The workers' compensation court proceedings are not complete, and it is not yet known whether there will be any review by the Oklahoma Supreme Court of the workers' compensation case.

On March 10, 2006, defendant Bar-S removed the state court case to this court, asserting that Mr. Laney was fraudulently joined to defeat diversity jurisdiction. Bar-

S's argument is as follows: proceedings before the Oklahoma workers' compensation court involving the same claim have now resulted in a determination that Mr. Laney was Mr. Smith's co-employer; although other determinations of the workers' compensation court have been appealed, this particular determination has not been appealed and is therefore final; Oklahoma law provides that a final determination of the workers' compensation court that Mr. Laney is Mr. Smith's co-employer means that Mr. Laney cannot be sued in state district court because plaintiffs have elected their remedies with respect to Mr. Laney and have proceeded against him in workers' compensation court; accordingly, Mr. Laney is now entitled to dismissal from this action; and, as there is no longer any reasonable possibility that the plaintiffs can establish a claim against Mr. Laney – the sole, non-diverse defendant – Mr. Laney's continuation as a defendant constitutes fraudulent joinder.

The Smiths have moved to remand, objecting to the characterization of Mr. Laney as fraudulently joined and arguing that Mr. Laney is still a defendant in the state court action; that neither the workers' compensation proceedings nor the state court action have been finally adjudicated; and that the question of Mr. Laney's status as a defendant in the state court action based on developments in the workers' compensation court proceedings should be decided by the state court.

<u>Standards</u>

The law places a heavy burden on the party asserting fraudulent joinder. <u>Montano v. Allstate Indemnity</u>, 211 F.3d 1278, 2000 WL 525592 at *1 (10th Cir.) (unpublished decision cited here according to the requirements of 10th Cir. R. 36.3). In evaluating fraudulent joinder claims, the court must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. <u>Id.</u>, quoting <u>Hart v. Bayer Corp.</u>, 199 F.3d 239, 246 (5th Cir. 2000). General principles regarding removal jurisdiction are in accord. The courts must

rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states, and the presumption is therefore against removal jurisdiction. Martin v. Franklin Capital Corporation, 251 F.3d 1284, 1289 (10th Cir. 2001) citations omitted. To effectuate this congressional intent, removal statutes are construed narrowly. Id. at 1290, quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Uncertainties are resolved in favor of remand. Id.

## Discussion

Bar-S removed this case almost a year after it was filed in state court, asserting another defendant's fraudulent joinder based on the progress and as yet unrealized consequences of workers' compensation proceedings which are arguably complete with respect to that other defendant but which are not yet complete with respect to other parties including Bar-S. Bar-S has cited no legal authorities which discuss fraudulent joinder in circumstances similar to these.

When it does not involve any actual fraud in the pleading of jurisdictional facts, as it does not here, the question of fraudulent joinder is closely related to the question of whether of whether a cause of action is stated against the non-diverse defendant. As stated by Judge Daugherty in one of the cases cited by Bar-S in its response to the motion to remand, Fine v. Braniff Airways, Inc., 302 F. Supp. 496, 497 (W.D. Okla. 1969): "If a cause of action is stated against a non-diverse Defendant, the case should be remanded to state court as there is no fraudulent joinder of said Defendant and diversity is lacking[;] [i]f no cause of action is stated against the non-diverse Defendant, the removed case should be entertained and eventually the non-diverse Defendant should be eliminated from the suit on his motion to dismiss for failure of the Plaintiff to state a claim against him on which relief may be granted." Moore's defines "the ultimate question" as "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." Moore's at §

107.14[2][c]. If that possibility exists, a good faith assertion of this expectancy in a state court is not a sham and is not fraudulent in fact or in law. *Id.* at n.56.

Bar-S does not assert, nor could it, that there was no possibility of a claim against Mr. Laney in state court when the Smiths filed their petition there. The question, rather, is whether rulings of the workers' compensation court subsequent to the filing of this action, combined with Mr. Laney's decision not to appeal the workers' compensation ruling against him, may *now* form the basis of a fraudulent joinder finding because, in light of those developments, there is *no longer* any possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.

Involuntary changes in a case generally do not create removability if the case, as stated in the plaintiff's initial pleading, was not removable. 16 Moore's Federal Practice, §107.30[3][a] at n.36.[2] Moreover, courts have held that a finding of fraudulent joinder is improper when the removing defendant's assertions go to the merits of the action rather than to the allegedly fraudulent joinder of a non-diverse defendant; for example, by ruling on defenses common to diverse and non-diverse defendants under the pretense of determining fraudulent joinder, a district court impermissibly engages in a merits determination which must be made by the state court. Moore's, § 107.14[2][c] at nn. 54.2.1.1-54.2.1.3.

In light of these general principles, and given standards which require the courts to resolve all uncertainties resolved in favor of remand, the court finds and concludes

---

[2]At nn. 41-42, Moore's notes that the involuntary rule may not apply to fraudulently joined defendants but that this exception only applies when the involuntary change does not pertain to the merits of plaintiffs' case because the rationale for the exception is that the fraudulently joined defendant was never properly before the court. That rationale does not apply here, where there is no question that Mr. Laney was a proper defendant in this case when it was filed in state court. As the rationale does not apply, neither should the exception.

that Bar-S has not carried its burden to show that Mr. Laney was fraudulently joined in this action. This means that Mr. Laney's presence defeats diversity jurisdiction. As there is no federal question jurisdiction, the Smiths are entitled to remand.

<u>Conclusion</u>

After careful consideration of the parties' submissions, the record, and the legal authorities, "Plaintiffs' Motion to Remand" is **GRANTED**. This action is **REMANDED** to the state court for the District Court of Jackson County, Oklahoma, the court from which it was removed.

Dated this 26th day of April, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0253p001(pub).wpd