**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BILLY SMITH and LINDA SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-06-0253-F |
| ) | |
| BAR-S FOODS CO. and RICHARD ) | |
| LANEY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

"Defendant, Bar-S Foods Co.'s Motion for New Trial," filed May 5, 2006, is before the court. Plaintiffs have responded, and the motion is ready for determination.

This action has been remanded to the District Court for Jackson County, the state court from which it was removed. The remand was for lack of jurisdiction. (Order at doc. no. 13, p. 6.) As provided in 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."[1] This language has been "universally construed" to preclude not only appellate review of the remand order, but to also preclude reconsideration of the remand order by the federal district court. 16 Moore's Federal Practice, §107.42 (Matthew Bender 3d ed.) Consistent with this understanding of § 1447, §1447(c) provides that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court" and "[t]he State court may thereupon proceed with such case." Pursuant to these provisions, once a district court certifies a remand order to state court, it is divested of jurisdiction and may not take any further action on the

---

[1] There is an exception, which does not apply here, for orders remanding a civil rights case under § 1443.

case. Moore's at § 107.42 at n.3.[2] These provisions establish the Congressional policy of avoiding interruption of the litigation of the merits of a removed cause by prolonged litigation of questions regarding the jurisdiction of the district court to which the cause is removed. Chandler v. O'Bryan, 445 F.2d 1045, 1057 (10th Cir. 1971), citations omitted. Defendant's moving brief recognizes these rules when it argues that this court maintains jurisdiction to hear a Rule 59(a) motion on an order to remand "until the Western District Clerk complies with 28 U.S.C. §1447(c).[3] (Moving brief, p. 5. at n.1.)

The remand order in this action was effected by the mailing of a certified copy of that order to the clerk of the state district court, on April 26, 2006, the date of the order.[4] Since that date, this court has lacked jurisdiction over this case. As a result, the court finds and concludes that it lacks jurisdiction to consider the merits of defendant's motion and that the motion should be stricken on that ground.[5]

---

[2] The court, however, may still handle collateral matters such as costs, fees, and sanctions associated with the remand. Moore's at § 107.43 at n.3.

[3] Defendant maintains, however, that it "has no knowledge of whether the Western District Court Clerk mailed a certified copy of the Order and Judgment to the Jackson County court clerk as required by 28 U.S.C. § 1447(c)." (Moving brief, p. 5 at n.1.)

[4] Exhibits to plaintiffs' response brief indicate that these mailings were received and filed in state court on April 28, 2006. The instant motion for a new trial was filed May 5, 2006, six days after the state district court received the certified mailings and eight days after this court mailed them.

[5] The court does not base its ruling on the following points, but merely notes them. First, defendant's motion is expressly brought under Rule 59(a), Fed. R. Civ. P. (Moving brief, pp.1, 5.) Subsection (a), however, only applies to actions which have been tried. Second, the court takes exception to defendant's characterization of the court's earlier order of remand as based on an issue which the court raised *sua sponte*. (Moving brief, p. 5.) The court's order of remand merely framed the issue presented for determination based on the undisputed procedural history of the case. Third, defendant's motion for a new trial discusses at length a case which was not cited in defendants' response to the original remand motion. The court makes no determination as to whether that case is on point. Nevertheless, if it is a case which defendant Bar-S thinks has procedural similarities to

(continued...)

Conclusion

After careful consideration of the parties' submissions, the record, and the relevant authorities, defendant's motion for a new trial is **STRICKEN** for lack of jurisdiction.

Dated this 18th day of May, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0253p003(pub).wpd

---

[5](...continued)
this case, it could have been brought to the court's attention in defendants' original brief. Fourth, even if there were some arguable reason why the court's order of remand was incorrect, a federal court has no power to correct or vacate a statutory remand. Seedman v. United States Dist. Court for the Central Dist. of California, 837 F.2d 413, 414 (9th Cir. 1988).